**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

HEADWATER RESEARCH LLC

*Plaintiff*,

v.

UBER TECHNOLOGIES, INC.,
UBER FREIGHT HOLDING CORP.,
UBER FREIGHT US LLC

*Defendants*.

Case No. 2:25-cv-962-JRG-RSP

(Member Case under Lead Case No. 2:25-cv-961-JRG-RSP)

**JURY TRIAL DEMANDED**

**UBER TECHNOLOGIES, INC., UBER FREIGHT HOLDING CORP., AND UBER FREIGHT US LLC'S MOTION TO STAY**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................ 1

II. FACTUAL BACKGROUND ........................................................ 3

III. ARGUMENT ........................................................ 6

A. This Case Should Be Stayed in Favor of the First-Filed Google Cases. ................ 6

1. This Case Involves Issues Duplicative of the First-Filed Google Cases. ... 7

2. Considerations of Judicial and Litigant Economy Support a Stay ............ 8

a) The Suit Against Google Has the Potential to Resolve Major Issues in This Customer Suit. ........................................................ 9

b) The Traditional Stay Factors Weigh in Favor of a Stay. .................. 11

B. This Case Should Be Stayed in Favor of the *Carma* and *Yillio* Cases. ................ 14

IV. CONCLUSION ........................................................ 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*AmberWave Sys. Corp. v. Intel Corp.*,
2005 WL 2861476 (E.D. Tex. Nov. 1, 2005) ....................8

*Cadle Co. v. Whataburger of Alice, Inc.*,
174 F.3d 599 (5th Cir. 1999) ....................6, 7, 13

*Carma Technology, Corp. et al. v. Uber Techs., Inc.*,
Case No. 2:25-cv-29-JRG-RSP ....................2

*Commc'ns Test Design, Inc. v. Contec, LLC*,
952 F.3d 1356 (Fed. Cir. 2020)....................7

*CyWee Grp. Ltd. v. Huawei Device Co.*,
2018 WL 4002776 (E.D. Tex. Aug. 22, 2018) ....................9, 11, 12

*Genentech v. Eli Lilly & Co.*,
998 F.2d 931 (Fed. Cir. 2008)....................6

*Glenayre Elecs., Inc. v. Jackson*,
443 F.3d 851 (Fed. Cir. 2006)....................12

*Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*,
2017 WL 365398 (E.D. Tex. Jan. 25, 2017)....................12, 14

*In re Google Inc.*,
588 F. App'x 988 (Fed. Cir. 2014) ....................9

*Google LLC v. Headwater Rsch. LLC*,
No. 5:25-cv-07453 (N.D. Cal. September 3, 2025) ....................3

*Green Tree Servicing, L.L.C. v. Clayton*,
689 F. App'x 363 (5th Cir. 2017) ....................13

*Headwater Research LLC v. Apple Inc.*,
Case No. 7-25-cv-00371 (W.D. Tex.)....................3

*Headwater Rsch. LLC v. Google LLC*,
Case No. 7-25-cv-00231 (W.D. Tex.)....................1

*Headwater Rsch. LLC v. Google LLC*,
Case No. 7-25-cv-00367 (W.D. Tex.)....................1, 10

*Headwater Rsch. LLC v. Supercell Oy*,
Case No. 2-25-cv-00964 (E.D. Tex) ....................1

*Headwater Rsch. LLC v. Target Corp.*,
Case No. 2-25-cv-00963 (E.D. Tex.) ....................1

*Headwater Rsch. LLC v. Tencent Holdings Ltd.*,
Case No. 2-25-cv-00965 (E.D. Tex) ....................................................................................1

*Headwater Rsch. LLC v. Walmart Inc.*,
Case No. 2-25-cv-00961 (E.D. Tex.) ..................................................................................1

*Katz v. Lear Siegler, Inc.*,
909 F.2d 1459 (Fed. Cir. 1990)...........................................................................................9

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
342 U.S. 180 (1952)............................................................................................................7

*Lighthouse Consulting Grp., LLC v. Truist Bank*,
2020 WL 6781977 (E.D. Tex. Apr. 7, 2020)........................................................10, 11, 12, 14

*Merial Ltd. v. Cipla Ltd.*,
681 F.3d 1283 (Fed. Cir. 2012)...........................................................................................6

*Netlist, Inc. v. Samsung Elecs. Co.*,
2023 WL 12098381 (E.D. Tex. Aug. 9, 2023) ..............................................................6, 7, 8

*Network Sys. Techs., LLC v. Samsung Elecs. Co.*,
2023 WL 7649372 (E.D. Tex. Nov. 14, 2023) .......................................................9, 10, 11, 13

*In re Nintendo of Am., Inc.*,
756 F.3d 1363 (Fed. Cir. 2014)...........................................................................................9

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
657 F.3d 1349 (Fed. Cir. 2011).......................................................................................9, 10

*In re Taasera Licensing, LLC Pat. Litig.*,
2023 WL 2716548 (E.D. Tex. Mar. 29, 2023) .....................................................................8

*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*,
458 F.3d 1335 (Fed. Cir. 2006)...........................................................................................9

*Tex. Instruments, Inc. v. Micron Semiconductor, Inc.*,
815 F. Supp. 994 (E.D. Tex. 1993).....................................................................................6

*Wapp Tech. Ltd. P'ship v. Hewlett-Packard Enters*.,
No. 4:18-cv-468-ALM, 2019 WL 3818761 (E.D. Tex. Aug. 14, 2019)................................12

*Yillio, Inc. v. Uber Techs., Inc.*,
Case No. 2:25-cv-533-JRG-RSP ........................................................................................2

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| ’117 Patent | U.S. Patent No. 9,198,117 |
| ’192 Patent | U.S. Patent No. 9,615,192 |
| ’320 Patent | U.S. Patent No. 10,321,320 |
| Asserted Patents | U.S. Patent Nos. 9,198,117, 9,615,192, and 10,321,320 |
| Complaint (“Compl.”) | Case No. 2-25-cv-00962, Dkt. 1 |
| Compl. Ex. 5 | Dkt. 1-5 |
| Compl. Ex. 6 | Dkt. 1-6 |
| Defendants | UT, UFHC, and Uber Freight US collectively |
| First Amended Complaint (“FAC”) | Dkt. 21 |
| FAC Ex. 4 | Dkt. 21-4 |
| FAC Ex. 5 | Dkt. 21-5 |
| FAC Ex. 6 | Dkt. 21-6 |
| Google | Google, LLC |
| Google Cases | *Google I* and *Google II* collectively |
| Google FCM | Google Firebase Cloud Messaging |
| *Google I* | *Headwater Rsch. LLC v. Google LLC*, Case No. 7-25-cv-00231 (W.D. Tex.) |
| *Google II* | *Headwater Rsch. LLC v. Google LLC*, Case No. 7-25-cv-00367 (W.D. Tex.) |
| Headwater | Plaintiff Headwater Research LLC |
| Uber Freight US | Uber Freight US LLC |
| UFHC | Uber Freight Holding Corp. |
| UT | Uber Technologies, Inc. |

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | *Headwater Rsch. LLC v. Google LLC*, Case No. 7-25-cv-00231, Dkt. 1 (W.D. Tex.) (Complaint) |
| B | *Headwater Rsch. LLC v. Google LLC*, Case No. 7-25-cv-00231, Dkt. 28-1 (W.D. Tex.) ('192 Patent Chart for First Amended Complaint) |
| C | *Headwater Rsch. LLC v. Google LLC*, Case No. 7-25-cv-00231, Dkt. 28-2 (W.D. Tex.) ('320 Patent Chart for First Amended Complaint) |
| D | *Headwater Rsch. LLC v. Google LLC*, Case No. 7-25-cv-00367, Dkt. 1 (W.D. Tex.) (Complaint) |
| E | *Headwater Rsch. LLC v. Google LLC*, Case No. 7-25-cv-00367, Dkt. 37-1 (W.D. Tex.) ('117 Patent Chart for First Amended Complaint) |
| F | *Headwater Rsch. LLC v. Google LLC*, Case No. 7-25-cv-00231, Dkt. 38 (W.D. Tex.) (Motion to Transfer) |
| G | *Headwater Rsch. LLC v. Google LLC*, Case No. 7-25-cv-00367, Dkt. 14 (W.D. Tex.) (Motion to Transfer) |
| H | Headwater's Initial Infringement Contentions Cover Pleading |

## I. INTRODUCTION

This lawsuit is just a small part of Headwater's longstanding litigation campaign directed at Google, not Defendants. Since 2022, Headwater has initiated several patent infringement suits directed at Google or companies incorporating Google-developed technology. In this most recent round of lawsuits beginning in May 2025, Headwater sued Google, in the Western District of Texas, alleging that its Firebase Cloud Messaging ("FCM") system infringes two of the Asserted Patents: U.S. Patent Nos. 9,615,192 and 10,321,320.[1] In August, Headwater filed yet another lawsuit, also in W.D. Texas, against Google alleging infringement by Google FCM of the third Asserted Patent: U.S. Patent Nos. 9,198,117.[2] Then, on September 18, Headwater filed five more lawsuits—this time in this District—including this case, against Google's customers, each alleging that the defendants' use of Google FCM infringes the same three Asserted Patents previously asserted in the two W.D. Texas cases.[3] In short, having failed to resolve its dispute with Google after years of litigation, Headwater launched this new wave of customer suits relying on the exact same FCM claims.

Notably, this case did not begin with only Google technology accused; Headwater initially alleged infringement of the same patents based on the same customer-defendants' use of Apple technology. Apple settled shortly after Headwater filed suit, and Headwater amended its complaint, making clear that this case is not about the named defendants but about Google.

The courts have long deemed a strategy like Headwater's to be a drain on judicial resources. To avoid this kind of wasteful, duplicative litigation, the courts have developed the first-to-file

---

[1] *See Headwater Rsch. LLC v. Google LLC*, Case No. 7-25-cv-00231 (W.D. Tex.) ("*Google I*").

[2] *See Headwater Rsch. LLC v. Google LLC*, Case No. 7-25-cv-00367 (W.D. Tex.) ("*Google II*"). The *Google I* and *Google II* cases are referred to herein as the Google Cases.

[3] *See also Headwater Rsch. LLC v. Walmart Inc.*, Case No. 2-25-cv-00961 (E.D. Tex.); *Headwater Rsch. LLC v. Target Corp.*, Case No. 2-25-cv-00963 (E.D. Tex.); *Headwater Rsch. LLC v. Supercell Oy*, Case No. 2-25-cv-00964 (E.D. Tex); *Headwater Rsch. LLC v. Tencent Holdings Ltd.*, Case No. 2-25-cv-00965 (E.D. Tex).

rule, which recognizes that the best way to economize judicial resources and avoid conflicting rulings is to have only the judge of the first-filed suit rule on the major issues common to the two cases; the first-filed case proceeds, while the subsidiary cases are stayed. A related doctrine, the customer-suit exception (an "exception" to the first-filed rule), additionally recognizes that when there are overlapping patent infringement lawsuits against a manufacturer and a customer over the same accused product, it is the suit against the manufacturer that should proceed, even if the customer suit was filed second.

So too here. This case—focused on Google's technology—is a later-filed suit against customers of Google. The principles animating the first-to-file rule and the customer-suit exception both dictate that it is Headwater's suits against Google that should proceed instead of this suit. Accordingly, Defendants respectfully move the Court to stay proceedings in this case pending resolution of the Google Cases.

Reasons unrelated to Google also support a stay. As explained in Defendants' co-pending Motion to Dismiss For Improper Venue, Headwater attempts to support venue with venue allegations copied from two unrelated cases (*Carma* and *Yillio*) filed against one or more of the Defendants.[4] Those venue allegations have no merit, as the Defendants have explained in several briefs—the first filed in May 2025—and supported with substantial venue discovery. The motions in both cases will be fully briefed and before the Court in the coming weeks. Because the outcome of those pending motions will fully resolve the venue allegations contained in Headwater's Complaint, it makes no sense to engage in duplicative venue discovery in yet a third case. Accordingly, this case should be stayed for this independent reason, and the Court should resolve Defendants' Motion to Dismiss after resolving the motions in the *Carma* and *Yillio* cases.

[4] *Carma Technology, Corp. et al. v. Uber Techs., Inc.*, Case No. 2:25-cv-29-JRG-RSP; *Yillio, Inc. v. Uber Techs., Inc.*, Case No. 2:25-cv-533-JRG-RSP.

## II. FACTUAL BACKGROUND

***Google FCM.*** Google FCM "is a lightweight mechanism used to transmit data from a server to a particular app instance." Dkt. 1-4 at 5. With Google FCM, a "server can notify [an] app running on a particular device that there is new data available to it." *Id.* To use Google FCM, an app developer "register[s] [the] app's instance with the Firebase Cloud Messaging servers." *Id.* at 31. Google provides "certain software tools, including APIs, to facilitate an application's interface with its FCM platform." Raman Decl. ¶ 3; Yabannavar Decl. ¶ 3.

***Google Cases.*** This lawsuit is not the first time that Headwater has alleged that Google FCM infringes the Asserted Patents. Headwater made the same allegations against Google in two cases filed earlier this year. On May 16, 2025, Headwater sued Google in the Western District of Texas, alleging that Google FCM infringes the '192 and '320 patents. *See Google I*, Dkt. 1 (Ex. A). On August 27, 2025, Headwater sued Google in the Western District of Texas again, this time alleging that Google FCM infringes the '117 patent. *See Google II*, Dkt. 1 (Ex. D).

A scheduling order has been entered in the *Google I* case, setting a fact discovery deadline of September 21, 2026, and a trial date of April 5, 2027. *See Google I*, Dkt. 44. Google has filed motions to transfer to the Northern District of California in both cases, and Headwater's oppositions are due on December 10, 2025. Google has also filed a declaratory judgment action in the Northern District of California related to its FCM technology. *See Google LLC v. Headwater Rsch. LLC*, No. 5:25-cv-07453, Dkt. 1 (N.D. Cal. September 3, 2025).

***Apple Case.*** In addition to the Google Cases, Headwater sued Apple on August 27, 2025, for infringement of the '192 and '320 patents based on Apple's Push Notification Service ("PNS"). *See Headwater Research LLC v. Apple Inc.*, 7-25-cv-00371 (W.D. Tex.), Dkt. 1. Headwater's case against Apple was dismissed on October 31, 2025, based on a settlement between the parties. *Id.*, Dkt. 24.

***Customer Cases.*** On September 18, 2025, Headwater filed its Complaint in this lawsuit (as well as four others), alleging that Defendants infringe the three Asserted Patents. Compl. ¶¶ 46–99. Headwater alleged that Defendants infringe all three Asserted Patents based on the Google FCM service operated by Google. *See* Compl. Exs. 4–6. Headwater also alleged that Defendants infringe the '192 and '320 patents based on Apple's PCN. *See* Compl. Exs. 5–6.

After Headwater's settlement with Apple, Headwater filed a Notice of Partial Settlement in this case, stating that it would "no longer pursue claims against and liability owed by Defendants associated with Apple products and services in these proceedings." Dkt. 18 at 1–2. Headwater then filed a First Amended Complaint ("FAC") against Defendants on November 4, 2025, materially identical to its original Complaint other than its allegations regarding Apple were removed. *See* Dkt. 21.

In its FAC, the only accused instrumentality specifically identified by Headwater is Google's FCM. *See* FAC at 1; FAC Ex. 4 at 1; FAC Ex. 5 at 1; FAC Ex. 6 at 1. The FAC's claim charts include factual allegations for almost every claim element that are exclusively related to FCM. *See* FAC Ex. 4 at 25–76; FAC Ex. 5 at 24–57; FAC Ex. 6 at 22–115.

Headwater's factual allegations for infringement of the '192 and '320 patents with respect to Google FCM are materially identical in *Google I* and this case. *Compare Google I*, Dkt. 28-1 (Ex. B), 28-2 (Ex. C), *with* FAC Ex. 5 at 3–5, 24–57 ('192 patent); FAC Ex. 6 at 2–3, 22–115 ('320 patent). Similarly, Headwater's factual allegations for infringement of the '117 patent with respect to Google FCM are materially identical in *Google II* and this case. *Compare Google II*, Dkt. 37-1 (Ex. E), *with* FAC Ex. 4 at 3–5, 25–76. Headwater's recently served infringement contentions confirm that its infringement allegations are directed to Google's FCM; indeed, those contentions are materially the same as those included with the FAC. Headwater Initial Infringement Contentions Cover Pleading (Ex. H) at 2–6 (identifying only Google FCM as the

push messaging functionality that allegedly infringes the Asserted Claims).

The Court held a Scheduling Conference on November 24, 2025, setting a *Markman* hearing date of March 29, 2027, and a trial date of September 27, 2027—approximately five months *later* than the scheduled trial in *Google I*.

***Venue Allegations.*** In addition to the similarity of Headwater's infringement allegations to the Google Cases, Headwater's Complaint bears a striking similarity to another set of cases against Defendants as it relates to venue.

On January 14, 2025, Carma Technology Corp. and Carma Technology Ltd. ("Carma") filed suit against UT in this District, alleging that venue was properly based on an office in Frisco, Texas, belonging to its partially owned, indirect subsidiary Uber Freight US LLC. Several months later, a different plaintiff—Yillio, Inc.—also filed suit against UT in this District and copied Carma's allegations nearly word-for-word to allege venue. Thereafter, on May 23, 2025, UT filed its motion to dismiss for improper venue in the *Carma* case, explaining that Uber Freight US is an entirely separate corporate entity from UT, with separate employees, banks/bank accounts, books and accounting records, payroll systems, IT systems and teams, email systems, financial records, tax returns, and tax liabilities. *See Carma* (Dkt. No. 21). UT filed a similar motion to dismiss in the *Yillio* case on June 23, 2025. *See Yillio* (Dkt. No. 17).

Venue discovery in the *Yillio* case has concluded, and the Defendants have filed their reply in support of their motion to dismiss. Venue discovery in the *Carma* case is scheduled to close December 12, 2025, and Carma's response to the motion to dismiss is due 14 days thereafter; thus, venue briefing in the *Carma* case should be complete by early January 2026.

Headwater's Complaint copies the venue allegations in Carma's Amended Complaint nearly word-for-word. *Compare* Dkt. No. 1 *with Carma* (Dkt. No. 58). For example, mirroring Carma's allegations, Headwater alleges that Uber Freight US is purportedly UT's alter ego because

(1) UT licenses its software stack to the Uber Freight entities, Dkt. No. 1 ¶ 38; (2) UT licenses the use of the UBER FREIGHT trademark to Uber Freight US, *id.* ¶ 40; (3) UT lists UFHC as a variable interest company (VIE) in its public reporting, *id.* ¶¶ 42–43; and (4) the presence of an Uber Freight X.com account, *id.* ¶ 45. Each of these allegations are lifted word-for-word, or nearly so, from Carma's Amended Complaint. *See Carma* (Dkt. No 58) ¶¶ 25, 27, 29–31. The Amended Complaint in *Yillio* contains similar allegations. *See Yillio* (Dkt. No. 37) ¶¶18–19, 28.

## III. ARGUMENT

This case should be stayed for two independent reasons. The first-to-file rule dictates that this later-filed suit—accusing the same Google-provided technology of infringing the same patents at issue Headwater's earlier-filed cases against Google—should be stayed. In addition, this case should be stayed in favor of the pending *Carma* and *Yillio* cases, in which Headwater's identical venue allegations will be adjudicated.

### A. This Case Should Be Stayed in Favor of the First-Filed Google Cases.

***This case should be stayed under the first-to-file rule.*** "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The first-to-file rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). "Courts typically enforce this first-to-file rule 'absent sound reason for a change of forum' [from the first-filed forum]." *Netlist, Inc. v. Samsung Elecs. Co.*, 2023 WL 12098381, at *2 (E.D. Tex. Aug. 9, 2023) (quoting *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 2008)). "In determining whether to apply the first-to-file rule to an action, a court must resolve two questions: 1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions;

and 2) which of the two courts should take the case?" *Id.* at *2 (quoting *Tex. Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993)). Where the first-to-file rule applies, "a district court may choose to stay, transfer, or dismiss a later-filed duplicative action." *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020).

Courts in this District follow "[t]he general rule . . . that the first-filed action is preferred . . . unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Id.* As explained below, the first-to-file rule plainly applies to this case. The major issues here and in the Google Cases substantially overlap, as Headwater's materially identical allegations make clear.

***In addition, the unique facts of this case, including judicial and litigant economy, weigh in favor of a stay.*** Although the Fifth Circuit "adheres to the general rule . . . [that] once the district court [finds] that the issues might substantially overlap, the proper course of action [is] for the court to transfer the case" to the first-filed forum, *Cadle*, 174 F.3d at 606, "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of" the problems that the first-to-file rule is intended to address, *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). Here, even had this case been filed *after* the Google Cases, the customer-suit exception to the first-filed rule would dictate that this case should be stayed. Additionally, the traditional stay factors warrant this Court opting to exercise its discretion to stay this case, given Defendants' position as customers of Google and pending motions to transfer in the Google Cases.

### 1. This Case Involves Issues Duplicative of the First-Filed Google Cases.

There can be no dispute that there are substantially similar major issues in this case and the first-filed Google Cases. "To determine if there is substantial overlap, courts examine whether the core issue was the same or if much of the proof adduced would likely be identical." *Netlist*, 2023

WL 12098381, at *2. In both this case and the Google Cases, Headwater accuses the same Google FCM system of infringing the same three Asserted Patents, meaning that the core issues are the same. *Supra* Section II. The materially identical allegations in Headwater's claim charts in this case and the Google Cases underscore how these cases would also ultimately rely on identical proof to show infringement. *Supra* Section II. In short, there is substantial overlap.

It is immaterial that Defendants were not sued in the Google Cases—a "subsequent action that does not have complete identity of the parties can still substantially overlap on the substantive issues of the first-filed action." *In re Taasera Licensing, LLC Pat. Litig.*, 2023 WL 2716548, at *3 (E.D. Tex. Mar. 29, 2023); *AmberWave Sys. Corp. v. Intel Corp.*, 2005 WL 2861476, at *1 (E.D. Tex. Nov. 1, 2005). Nor does it matter that Headwater has nominally labeled Google FCM an "exemplary" accused instrumentality. This Court has previously held that the "fact that some additional products might be at issue [in the second case] does not foreclose a finding that there is substantial overlap between the two cases." *Netlist*, 2023 WL 12098381, at *3. Indeed, factual allegations for almost every claim element are exclusively related to Google FCM—a service operated by Google—making it the core, if not the only, instrumentality at issue in this case. *Supra* Section II. The major issue that both this case and the Google Cases present is whether Google's FCM service infringes each of the three Asserted Patents, meaning that this case and the Google Cases "involve closely related questions" and "common subject matter." *Netlist*, 2023 WL 12098381, at *3. This identical overlap in issues clearly shows substantial similarity. *Id.*

### 2. Considerations of Judicial and Litigant Economy Support a Stay

The circumstances of this case reinforce that the first-filed rule should apply and that this case should be stayed. Indeed, had Headwater filed this case first, the customer-suit exception to the first-filed rule would apply given the duplicative nature of Headwater's infringement allegations. Also, the traditional stay factors dictate that a stay is warranted. As it stands, whether

examined under the principles of the first-filed rule, the customer suit-exception to that rule, or the traditional stay factors, the conclusion is the same—this case should be stayed in favor of the Google Cases.

**a) The Suit Against Google Has the Potential to Resolve Major Issues in This Customer Suit.**

Courts generally grant stays in patent infringement suits against customers where there is a co-pending case in another forum involving the manufacturer of the accused products. *See Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). Under this customer-suit exception to the first-to-file rule, "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). "[W]here a manufacturer and its customer have both been sued, the action against the manufacturer should ordinarily proceed first, regardless of which action was first filed." *CyWee Grp. Ltd. v. Huawei Device Co.*, 2018 WL 4002776, at *4 (E.D. Tex. Aug. 22, 2018). Similar to the first-to-file rule, "the guiding principles in the customer suit exception cases are efficiency and judicial economy." *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). "Courts are instructed to avoid wasted resources through 'a flexible approach, including staying proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected.'" *Network Sys. Techs., LLC v. Samsung Elecs. Co.*, 2023 WL 7649372, at *2 (E.D. Tex. Nov. 14, 2023) (quoting *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014)). The customer suit may be stayed "pending resolution of the case against the manufacturer to avoid 'imposing the burdens of trial on the customer, for it is the manufacturer who is generally the true defendant in the dispute.'" *Id.* (quoting *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365–66 (Fed. Cir. 2014)). "To warrant a stay of the customer suit, the case involving the manufacturer 'need only have the potential to resolve the major issues concerning the claims

against the customer—not every issue.'" *Id.* (quoting *Spread Spectrum*, 657 F.3d at 1358).

Such is the case here. Headwater accuses Defendants of infringement because of its use of Google FCM; Google, not Defendants, developed this technology. *Supra* Section II. Thus, this is a customer suit like in cases where the customer-suit exception applies. *E.g.*, *Network Sys.*, 2023 WL 7649372, at *5; *Lighthouse Consulting Grp., LLC v. Truist Bank*, 2020 WL 6781977, at *2 (E.D. Tex. Apr. 7, 2020). Indeed, Defendants have even less information relevant to the accused product than defendants in other cases subject to the customer-suit exception. While the customer of a physical product would at least have access to a sample product that could be available to a plaintiff in discovery, here all the accused software is within the exclusive control of Google, underscoring its status as the true defendant in this dispute. Raman Decl. ¶ 4 (stating that UT "has never developed or modified the FCM service used to transmit push notifications related to the Uber apps"); Yabannavar Decl. ¶ 4 (same for Uber Freight US). Other than the information that Google makes widely available to application developers, "[Defendants do] not have knowledge regarding or the ability to modify the specific implementation of FCM in delivering push messages." Raman Decl. ¶ 4; Yabannavar Decl. ¶ 4. There is also substantial overlap between the issues in this case and those in *Google I* and *Google II*. *Supra* Section III.A. There would thus be the potential for the *Google I* and *Google II* lawsuits to resolve the major issues concerning the claims against Defendants. *See Network Sys.*, 2023 WL 7649372, at *2.

While Defendants need not demonstrate that the customer-suit exception to the first-filed rule applies here (because the Google Cases were filed first), the relevant factors favor a stay in any event. In determining whether the customer suit exception applies, courts consider factors including "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing

product." *Network Sys*., 2023 WL 7649372, at *3 (citing *CyWee*, 2018 WL 4002776, at *5 (E.D. Tex. Aug. 22, 2018)). As discussed above, Defendants are merely customers of Google's accused technology. *Network Sys*., 2023 WL 7649372, at *5 (finding the defendant was a "mere reseller" where the plaintiff's infringement allegations against it were "substantively identical" to those asserted against the manufacturer); *see also Lighthouse*, 2020 WL 6781977, at *2 (E.D. Tex. Apr. 7, 2020) (finding that a that the defendants were "merely users" of the accused technology used in their "mobile app"). Moreover, Defendants agree that, should the Court stay this case in favor of the Google Cases, Defendants shall be bound by any final, non-appealable judgment in the Google Cases as it relates to invalidity, claim construction, and infringement of the Asserted Patents by Google's FCM technology. Finally, as discussed above, the only accused instrumentality identified in Headwater's Complaint is Google's FCM, developed and provided exclusively by Google.

Indeed, Headwater's recent execution of a settlement agreement with Apple that resolved all allegations in this case related to the Apple Push Notifications system underscores how Headwater's lawsuits against Google—the true defendant who makes and operates the remaining accused instrumentality—have a similar potential to resolve the significant issues in this case. *See* Dkt. 21. Headwater's allegations in this case against Apple's PNS mirrored its infringement allegations against Apple directly in the Apple Case. And just as Headwater's settlement with Apple resolved its Apple-related allegations here, so too will resolution of the Google Cases simplify or resolve Headwater's remaining infringement allegations here, which are directed solely at Google's FCM technology.

**b) The Traditional Stay Factors Weigh in Favor of a Stay.**

The traditional stay factors also weigh in favor of a stay here. "Courts may evaluate three traditional stay factors in considering customer suits: '(1) whether a stay will unduly prejudice or

present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Network Sys.*, 2023 WL 7649372, at *8 (quoting *Lighthouse*, 2020 WL 6781977, at *2). Each factor shows that a stay is warranted.

***A stay would not unduly prejudice or present a clear tactical disadvantage to Headwater.*** The major issues in this suit—infringement of the Asserted Patents by Google FCM and damages—will still be heard in the Google Cases. In fact, Headwater can only obtain relevant discovery regarding Google FCM from its developer and operator, Google. This Court has previously found that such facts result in the first factor weighing in favor of a stay. *E.g.*, *Network Sys.*, 2023 WL 7649372, at *9; *Lighthouse*, 2020 WL 6781977, at *2; *Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, 2017 WL 365398, at *10 (E.D. Tex. Jan. 25, 2017).

***A stay would simplify the issues in question and the trial of this case.*** Resolution of the Google Cases would resolve whether the only product that Headwater maps in its claim charts infringes the three Asserted Patents. Even if Headwater asserts that Google FCM is merely an "exemplary" accused instrumentality, "resolution of all issues is not required" for a stay to be warranted. *Network Sys.*, 2023 WL 7649372, at *9. Moreover, as stated above, Defendants agree to be bound by any final, non-appealable judgment in the Google Cases as it relates to invalidity, claim construction, and infringement of the Asserted Patents by Google's FCM technology. Accordingly, the second factor also weighs in favor of a stay. *Id.*; *see also See Wapp Tech. Ltd. P'ship v. Hewlett-Packard Enters.*, No. 4:18-cv-468-ALM, 2019 WL 3818761, at *4 (E.D. Tex. Aug. 14, 2019) (citing *CyWee*, 2018 WL 4002776, at *4 ("[A]greement to be bound by an infringement determination in a separate suit, that will leave little left for the court to adjudicate in the current suit, weighs heavily in favor of" a stay)). Indeed, a favorable judgment by Headwater in the Google Cases would moot any damages case in this litigation. *See*, *e.g.*, *Glenayre Elecs.,*

*Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) ("[A] party is precluded from suing to collect damages for direct infringement by a buyer and user of a product when actual damages covering that very use have already been collected from the maker and seller of that product.").

Moreover, a stay would also avoid the possibility of unnecessary and duplicative motions practice. "[T]he value of judicial economy [is] central to the first-to-file rule." *Cadle*, 174 F.3d at 605. The Fifth Circuit has explained that the first-to-file rule recognizes how judicial economy is achieved "when the same judge is deciding both cases" because "it increases, rather than decreases, judicial economy to allow a district judge to choose which of two pending cases to rule on first." *Green Tree Servicing, L.L.C. v. Clayton*, 689 F. App'x 363, 368 (5th Cir. 2017).

Here, unlike in most cases involving the first-to-file rule, it is unclear who the judge ruling on the first-filed suit will ultimately be. Although the Google Cases are currently pending in the Western District of Texas, Google has filed a motion in each case to transfer venue to the Northern District of California under 28 U.S.C. § 1404(a). *See Google I*, Dkt. 38 (Ex. F); *Google II*, Dkt. 14 (Ex. G). If Google prevails on its motions to transfer, then the first-filed forum will no longer be the Western District of Texas. Transferring this case to the Western District of Texas thus may simply lead to the parties litigating in the Western District whether this case should be transferred yet again to the Northern District of California to follow the Google Cases. Such duplicative motions practice would plainly undermine the value of judicial economy that the first-to-file rule is designed to achieve. A stay is thus appropriate at least until Google's motions to transfer are resolved and it is clear where the first-filed forum will be.

***This suit is still in its early stages.*** This case is indisputably in its early stages. Indeed, the parties have not yet negotiated a complete case schedule. Fact discovery has only just begun, and trial is set for a date more than 20 months away. With respect to discovery, all of the facts that Headwater requires to address infringement reside with Google, which is subject to party

discovery from Headwater in the Google cases. Thus, the third factor, like the other two, weighs in favor of a stay. *E.g.*, *Network Sys.*, 2023 WL 7649372, at *9; *Lighthouse*, 2020 WL 6781977, at *2; *Global Equity*, 2017 WL 365398, at *10.

### B. This Case Should Be Stayed in Favor of the *Carma* and *Yillio* Cases.

This case should be stayed for the independent reason that Headwater's venue allegations—copied nearly word-for-word from the complaints in two earlier cases against Defendants—will be fully resolved through the pending motions to dismiss in those cases. Each of the stay factors weigh in favor of a stay at least until the pending venue motions in these prior cases are resolved.

***The* Carma *and* Yillio *cases will simplify the issues in this case.*** As discussed above, Headwater's venue allegations parrot the venue allegations in the pending *Carma* and *Yillio* cases. The operative and dispositive facts are not unique to the different plaintiffs or accused technologies, but they are identical as to Defendants across all three cases. Either venue is proper in this District under §1400 as to Defendants or it is not. Accordingly, this Court's disposition of the pending motions to dismiss for improper venue in those cases will necessarily resolve whether venue is proper in this case.

***This case is in its early stages, especially compared to the* Carma *and* Yillio *cases.*** Headwater filed its case in September 2025, nine months after the *Carma* complaint was filed. While the Scheduling Conference in this case was held just two weeks ago, and Defendants just filed their motion to dismiss for improper venue, their improper venue motions have been pending in the *Carma* and *Yillio* cases since May and June 2025, respectively. Given that those cases are substantially further along, with venue discovery and motion practice nearly complete, there is no reason for the parties in this case to engage in duplicative and costly venue discovery and motion practice on the same operative facts.

***Headwater will suffer no undue prejudice or clear tactical disadvantage.*** Headwater made the deliberate choice to align its venue allegations with those in the *Carma* and *Yillio* cases. Given the near word-for-word similarity between Headwater's venue allegations and those in *Carma*, Headwater clearly initiated this case with a complete understanding of the venue dispute, nor can Headwater argue that it is unduly prejudiced by allowing the Court to resolve the identically pled venue allegations in those cases first. Also, the Court just set the *Markman* hearing in this case for March 29, 2027, and jury selection for September 27, 2027, and the parties have not yet negotiated an overall schedule. *See* Dkt. 54. Accordingly, given the late stage of venue discovery and motion practice in *Carma* and *Yillio*, a stay in this case pending resolution of those motions will result in minimal, if any, disruption to the case schedule here. And, as discussed above, resolution of those motions may result in a finding that the case cannot continue here at all.

## IV. CONCLUSION

For the reasons stated above, Defendants respectfully urge this Court to stay the case until resolution of the Google Cases. In addition, Defendants request that the Court stay this case pending resolution of Defendants' motions to dismiss for improper venue in the *Carma* and *Yillio* cases.

Dated: December 11, 2025

Respectfully submitted,

*/s/ Mark N. Reiter*
Mark N. Reiter
Robert Vincent
Ashbey N. Morgan
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, TX 75201
(214) 698-3100
mreiter@gibsondunn.com
rvincent@gibsondunn.com
anmorgan@gibsondunn.com

Andrew Robb
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301
(650) 849-5300
arobb@gibsondunn.com

M. Craig Tyler
PERKINS COIE LLP
405 Colorado Street
Austin, TX 78701
cmccullough@perkinscoie.com

Christina J. McCullough
PERKINS COIE LLP
1301 Second Avenue
Seattle, WA 98101
cmccullough@perkinscoie.com

Matthew J. Moffa
PERKINS COIE LLP
1155 Avenue of the Americas
New York, NY 10036
cmccullough@perkinscoie.com

Melissa Richards Smith
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, TX 75670
(903) 934-8450
melissa@gillamsmithlaw.com

*Counsel for Defendants*

**CERTIFICATION OF CONFERENCE**

Counsel for Plaintiff and counsel for Defendant met and conferred by telephone on December 11, 2025 in compliance with Local Rule CV-7(h). Plaintiff opposes this motion and the relief requested herein.

*/s/ Robert A. Vincent*
Robert A. Vincent

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2025, the foregoing was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF on all counsel of record who have consented to electronic service.

*/s/ Michael Delaney*
Michael Delaney